2    549
f122   752

## THE FIRST MUNICIPALITY *v.* HALL.

Privileges exist only in those cases in which they have been expressly granted by law.
To entitle a party to the benefit of the privilege established by the Code in favor of architects, contractors, masons, workmen, and furnishers of materials, for the construction and repair of buildings, the amount due, or to become due, must be fixed in the contract, where it exceeds five hundred dollars. C. C. 2727, 3239.

APPEAL from the Fifth District Court of New Orleans, *Buchanan. J.* The plaintiffs obtained an order of seizure and sale, under a special mortgage granted to secure the payment of the price of certain lots of ground sold to the defendant. The amount due to the plaintiffs is $3,400, with interest at ten per cent, from the dates of the notes sued on, until paid. Before the property was sold, *Moores* filed his opposition, and applied for a separate appraisement of the buildings and the lots of ground, on the allegation that ho was entitled to be paid in preference to the plaintiffs out of the proceeds of the sale, under a building contract, to the amount of $3,321 81. The municipality denied that *Moores* had any privilege on the buildings and improvements on the lots; and averred specially, that if *Moores* had made any advances, he has been fully reimbursed out of the rents he has collected, &c. The contract between *Hall* and *Moores,* under which the latter sets up his claim to a privilege, is in the following words: "Agreement between *Robert Moores* and *T. D. Hall.* *T. D. Hall* agrees to furnish the lot of ground situated at the corner of Custom-house and Franklin streets, free of all expense, for the term of ten years; and agrees jointly with *Robert Moores* to erect six one story tenements. The said *Robert Moores* binds himself to erect the buildings complete, and render bills at prime cost. ' The whole of the expense of building, however, is not to exceed $4,000. When the buildings are completed, each of the parties is to receive the rent in proportion to the amount he has put in the buildings. This agreement to last ten years, at the end of which time, *T. D. Hall* agrees to assume the whole of the buildings, by paying said *Robert Moores* the half of what two disinterested persons shall say they are worth, one of whom is to be appointed by each party; and in case of their not agreeing, they to call in a third. *T. D. Hall,* however, is to have the privilege, at any time after the completion of the buildings, to purchase *Robert Moores'* interest therein, by paying said *Moores* the amount which he has invested in the buildings.

Witness,              "[Signed]"        "T. D. HALL,
"DANIEL B. HINDSDELL."                    "ROBERT MOORES.

This contract is without date; but by reference to the certificate of the recorder of mortgages, it appears that it was acknowledged before *J. Cuvillier,* a notary public, on the 7th of May, 1842, and recorded on the 9th of the same month. *Hanable,* a witness for the third opponent, proves that the buildings were commenced in April, 1842.

The erection of the buildings at the expense of *Moores* is not contested; but his claim is resisted, on the ground that his contract with *Hall* was not a building contract, giving him a lien for his payment, but a lease and partnership, which gave him no privilege. The court below gave judgment against the opposition, and *Moores* has appealed.

FIRST
MUNICIPALITY
v.
HALL.

*Roselius,* for the plaintiffs. The claim of *Moores* for a privilege under this pretended building contract, is unfounded. The agreement is destitute of every essential requisite for a building contract. There is not even a fixed or certain price stipulated. C. C. art. 2727. It may perhaps be difficult to classify this contract, with strict legal accuracy ; but it seems to present more of the features of a particular partnership, or joint undertaking, than of any other agreement. But even if it could be regarded as a building contract, it cannot avail against the municipality : 1st, because it is not dated, and it cannot, therefore, be ascertained within what time it was recorded ; 2dly, because the evidences establishes that the buildings were commenced in April, from which it must be inferred that the agreement was passed during that month; and it was not recorded in the mortgage office, until the 9th of May ; the recording of it could therefore operate only as an ordinary mortgage, inferior to that of the municipality. C. C. art. 3241.

*Benjamin* and *Micou,* for the appellant. The question is, whether the vendor can put an end to the lease of *Moores,* without paying for the buildings ? *Hall* certainly could not do so, and it would seem that his creditors could not exercise a greater power than himself. The seizure and sale of the property must be considered as equivalent to the exercise of the right reserved to *Hall,* to end the lease, by paying for the improvements. The vendor can do so, on terms more favorable to himself than *Hall* could do, as the vendor is bound to pay only the proportional share of the proceeds, and *Hall* was bound to pay the whole demand of the builder ; but it would seem unjust that the vendor, by the exercise of his privilege, should entirely exclude that of the builder. From the sale of the property, the partnership being dissolved, nothing remains in the contract but the builder's privilege for re-imbursement ; which certainly stands, with all its consequences, as if no partnership had ever existed.

The judgment of the court was pronounced by

Eustis, C. J. *Moores* erected six tenements on a lot purchased by *Hall* from the plaintiffs, and mortgaged for the price, which was unpaid. It was agreed that *Moores* should retain the premises for ten years as lessee, the rents being in lieu of interest, according to the statement made in the opposition filed by *Moores.* He claims his privilege as a builder, for the improvements made on the lot by virtue of his contract. A separate appraisement was made, according to article 3235 of the Code, and the conflict is between the privilege asserted by *Moores* and the vendors' mortgage, which has remained unsatisfied. The district judge dismissed the opposition of *Moores,* and he has appealed.

We think the district judge did not err. Privileges can be claimed only for those debts to which they are expressly attached by the Code. Art. 3153. The Code, in establishing privileges in favor of architects, contractors, masons, workmen, and those who furnish materials, contemplates that the amount due, or to become due them, should be fixed in the contract, when it exceeds $500. Arts. 2727, 3239.

In this respect the contract under consideration is radically defective ; for it not only has no price *fixed* for the work, but provides for the contingency of the owner furnishing a portion of it, and his receiving a proportionate benefit. There are other obvious reasons for not allowing the privilege claimed by the appellant.　　　　　　　　　　　　　　　*Judgment affirmed.*